**Mohammad AL–ADAHI, et al., Petitioners,**

v.

**Barack H. OBAMA, et al.,[1] Respondents.**

**Rafiq Bin Bashir Bin Jallul Alhami, et al., Petitioners,**

v.

**Barack H. Obama, et al., Respondents.**

**Farhi Saeed Bin Mohammed, et al., Petitioners,**

v.

**Barack H. Obama, et al., Respondents.**

**Jihad Dhiab, et al., Petitioners,**

v.

**Barack H. Obama, et al., Respondents.**

---

1. Former President George W. Bush was named as the original lead respondent in this case. Pursuant to Federal Rule of Civil Pro-cedure 25(d), the Court automatically substitutes his successor, President Barack H. Obama, as the new lead respondent.

Hamid Al Razak, et al., Petitioners,

v.

Barack H. Obama, et al., Respondents.

Alla Ali Bin Ali Ahmed,
et al., Petitioners,

v.

Barack H. Obama, et al., Respondents.

Mohammed Ahmed Taher,
et al., Petitioners,

v.

Barack H. Obama, et al., Respondents.

Muhammad Ahmad Abdallah Al
Ansi, et al., Petitioners,

v.

Barack H. Obama, et al., Respondents.

Civil Action Nos. 05–280(GK), 05–359(GK), 05–1347(GK), 05–1457(GK), 05–1601(GK), 05–1678(GK), 06–1684(GK), 08–1923(GK).

United States District Court,
District of Columbia.

Feb. 12, 2009.

Brian C. Spahn, Sutherland Asbill & Brennan LLP, Washington, DC, Sara J. Toering, Elizabeth V. Tanis, John A. Chandler, Kristin B. Wilhelm, Richard G. Murphy, Jr., Sutherland Asbill & Brennan LLP, Atlanta, GA, for Petitioners.

Corey Jason Smith, David J. Stander, Paul Edward Ahern, Peter James Mcveigh, Robert C. Dalton, Scott Michael Marconda, Terry Marcus Henry, Alexander Kenneth Haas, Andrew I. Warden, August Edward Flentje, David Hugh White, James C. Luh, Joseph Charles Folio, III, Julia A. Berman, Kathryn Celia Mason, Patrick D. Davis, Robert J. Prince, Rodney Patton, U.S. Department of Justice, Federal Programs Branch, Civil Division, Washington, DC, for Respondents.

### *MEMORANDUM ORDER*

GLADYS KESSLER, District Judge.

The Government has filed a Motion to Clarify, Reconsider, or Amend Three Case Management Order Provisions and to Stay Those Obligations Pending Resolution of This Motion and Any Appeal. Upon consideration of the Motion, the Oppositions, the Reply, and the very extensive briefing relating to this Motion, the Court concludes that the Motion should be **granted in part and denied in part.**[2]

2. For the convenience of counsel and the public, a revised version of CMO # 1 is attached hereto as Appendix A.

1. The Government argues that Case Management Order #1 ("CMO #1") leaves open the key question of whether the Government must conduct open-ended searches for exculpatory information or whether the requirement to disclose "all reasonably available evidence" is satisfied by the searches for exculpatory information that have already been conducted by the Government in preparing its factual returns. This Court agrees with Judge Hogan that no more expansive searches are required under § I.D.1, to meet the standard of disclosing "all reasonably available evidence." [3]

Judge Hogan further defined the term "reasonably available evidence" to include "evidence contained in any information reviewed by attorneys preparing factual returns ..." and noted that "it is not limited to evidence discovered by the attorneys preparing the factual return for the petitioner." Judge Hogan added that the "term [reasonably available evidence] also includes any other evidence the Government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay." § I.D.1.

■ The Court has concluded that, faced with the Hobson's choice of conducting massive comprehensive searches throughout the Government for exculpatory information versus delaying disclosure because of the time needed to conduct such searches, the directive given by the Supreme Court in *Boumediene v. Bush*, — U.S. ——, 128 S.Ct. 2229, 2275, 171 L.Ed.2d 41 (2008), to handle these cases *promptly* must outweigh the effort to search for every possible piece of exculpatory information. Moreover, the Court is convinced, after holding statuses in many of its Guantanamo Bay cases and reviewing the files in all of them, that Petitioners have ample tools at their disposal to ferret out additional facts so as to narrow the issues in dispute and focus their challenge on those specific facts and information upon which the Government is basing its claim of lawful detention. Specifically, Petitioners can seek additional discovery for good cause under § I.E.2., they can file motions to compel, they can request admissions and stipulations, they can request certifications from the Government regarding the adequacy of searches of materials, and they can use the statements of facts in dispute and not in dispute which must be submitted for hearings on the merits.

■ 2. This Court also agrees with Judge Hogan that the discovery obligation imposed in § I.E.1, requires automatic discovery of documents, objects, and statements of the Petitioner in the Government's possession, as well as information about the circumstances in which such statements were made or adopted, that are referred to in the factual return," and "all

---

**3.** While it is not completely clear from the Government's papers, it would appear that in preparing the factual returns, the Government reviews only materials from the Defense Department Combatant Status Review Tribunal ("CSRT") files, the Administrative Review Board ("ARB") files, and the Joint Intelligence Group ("JIG") files. *See* Gov. Mot. to Clarify, Reconsider or Amend [Dkt. No. 237] at 7. Significantly, conspicuous by its absence is any reference to the Central Intelligence Agency ("CIA"). However, if Petitioner's counsel, on a case-by-case basis, believes that

the necessity for additional searching outweighs the delay which such searching will most certainly entail, counsel may submit a request under § I.E.2. for additional limited discovery. Moreover, it will be easier for counsel to satisfy the requirements of § I.E.2. that the request be narrowly tailored, specific, and likely to produce evidence that demonstrates the illegality of Petitioner's detention after they have received the exculpatory evidence and automatic discovery provided in § I.D.1, and § I.E.1.

statements ..." that relate to the information contained in the factual return. This requirement pertains to those documents, objects, and statements relied upon by the Government to justify detention. Again, after receiving this automatic discovery, Petitioner will be in a better position to make narrow, tailored, specific, and targeted requests for additional discovery under § I.E.2.

■ 3. The Government also requests that the Court reconsider and amend the provisions in CMO # 1 regarding the handling of classified information. The Court concludes that this request may be **granted.** Therefore, § I.F. is being amended to delete the requirement that the Government provide Petitioners with an adequate substitute for any classified information required to be disclosed under § I.D. or I.E. of CMO # 1; instead, the Government shall still be required to provide such classified information to Petitioner's counsel, provided Petitioner's counsel is cleared to access such information. If the Government objects to providing Petitioner's counsel with the classified information, the Government shall move for an exception to disclosure. Petitioner's counsel may also move, on a case-by-case basis, to demonstrate why it is necessary to provide Petitioner with an adequate substitute for any classified information.

■ 4. The Government also requests certification to the Court of Appeals, pursuant to 28 U.S.C.A. § 1292(b), if any of its requests are not granted. One of the requirements for certification is that it would "materially advance the ultimate termination of the litigation." There is absolutely no question that certification would

delay—not advance—ultimate termination of this sorely-delayed litigation. The Government's request has absolutely no merit and is **denied.**

■ 5. The Government appears to be requesting that the Court reconsider its requirement, in an Order entered on December 29, 2008, in *Al Adahi v. Bush*, 2008 WL 5412395 that it file a statement of facts providing the following information: "[i]f the Government intends to rely on any statements in proving its case-in-chief, it shall disclose in its statement of facts: (1) the identity of the speaker; (2) the content of the statement; (3) the person(s) to whom the statement was made; (4) the date and time the statement was made or adopted; and (5) the circumstances under which such statement was made or adopted (including the location where the statement was made)." Order at 3 [Case No. 05–280; Dkt. No. 225]. These requirements are consistent with what the Government is required to disclose. All of this information is covered under provisions of the Case Management Order and the Court sees no need to reconsider the language of that Order.

For these reasons, the Government's Motion is **granted in part and denied in part.**

### APPENDIX A

### *CASE MANAGEMENT ORDER # 3*[1]

As indicated in the accompanying Memorandum Order, the Court includes here a revised version of Case Management Order # 1. It integrates past clarifications and amendments.[2]

---

1. Changes or modifications of Case Management Orders # 1 and # 2 are in bold face.

2. In several instances in individual cases, specific Orders from the Court have altered or

over-ridden provisions of the CMO. Those Orders are not superceded by the issuance of CMO P# 3.

## I.

**A. Factual Returns.**[3] In accordance with Judge Hogan's Order of July 29, 2008, as amended by his Order of September 19, 2008, the Government shall file returns and proposed amended returns containing the factual basis upon which it is detaining Petitioner. *See Hamdi v. Rumsfeld,* 542 U.S. 507, 533, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004) (holding that a "citizen-detainee seeking to challenge his classification as an enemy combatant must receive notice of the factual basis for his classification").

**B. Legal Justification.** The Government shall file a succinct (one or two paragraph) statement explaining the specific legal grounds upon which it relies for detaining Petitioner. If the Government's justification for detention is Petitioner's status as an enemy combatant, the Government shall provide the definition of enemy combatant on which it relies. If the Government has already filed a factual return, the legal justification is due within 14 days of the date of this Order. In all other cases, the Government shall include the legal justification with the factual return.

**C. Unclassified Factual Returns. By January 9, 2009, the Government shall file an unclassified version of each factual return it has filed to date.** In cases in which the Government has yet to file a factual return, the Government shall file an unclassified version of the return within 21 days of the date on which the Government is to file the factual return.

**D. Exculpatory Evidence.**

1. The Government shall disclose to Petitioner all reasonably available evidence in its possession that tends materially to undermine the information presented to support the Government's justification for detaining Petitioner. *See Boumediene,* 128 S.Ct. at 2270 (holding that habeas court "must have the authority to admit and consider relevant exculpatory evidence that was not introduced during the [CSRT] proceeding"). The term "exculpatory evidence" includes any evidence of abusive treatment, torture, mental incapacity, or physical incapacity which could affect the credibility and/or reliability of evidence being offered. **In this context, the term "reasonably available evidence" means evidence contained in any information reviewed by attorneys preparing factual returns for all detainees; it is not limited to evidence discovered by the attorneys preparing the factual return for the Petitioner. The term also includes any other evidence the Government discovers while litigating habeas corpus petitions filed by detainees at Guantanamo Bay.** If the Government has already filed a factual return, disclosure of such exculpatory evidence shall occur within 21 days of the date of this Order. If the Government has not yet filed a factual return, disclosure of such exculpatory evidence shall occur within 21 days of the date on which it files the factual return. By the date on which disclosure is to occur under this paragraph, the Government shall notify Petitioner of the existence of any evidence within its actual knowledge but not within its possession or capable of being obtained through reasonable diligence that tends materially to undermine the information presented to support the

---

**3.** When used in this Order, the term "factual return" refers to factual returns and proposed amended factual returns filed pursuant to Judge Hogan's Order of July 29, 2008, as amended by his Order of September 19, 2008.

Government's justification for detaining Petitioner. By the date on which disclosure is to occur under this paragraph, the Government shall file a notice certifying either that it has disclosed the exculpatory evidence or that it does not possess any exculpatory evidence.

2. If evidence described in the preceding paragraph becomes known to the Government after the date on which the Government is required to disclose exculpatory evidence in Petitioner's case, the Government shall provide the evidence to Petitioner as soon as practicable. The Government bears a continuing obligation to update and supplement the evidence described in the preceding paragraph.

**E. Discovery.**

1. If requested by Petitioner, the Government shall disclose to him: (1) any documents or objects in its possession that **the Government relies on to justify detention;** (2) all statements, in whatever form, made or adopted by Petitioner that **the Government relies on to justify detention;** and (3) information about the circumstances—whether coercive or not—in which such statements of that Petitioner were made or adopted. *See Harris v. Nelson*, 394 U.S. 286, 300 n. 7, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969) ("[D]istrict courts have power to require discovery when essential to render a habeas corpus proceeding effective."); *Bismullah v. Gates*, 501 F.3d 178, 187 (D.C.Cir.2007) ("we presume counsel ... has a 'need to know' all Government Information concerning his [or her] client ....") *reh'g denied*, 503 F.3d 137 (D.C.Cir.2007), *reh'g. denied en banc*, 514 F.3d 1291 (D.C.Cir. 2008), *cert. granted, vacated, Gates v. Bismullah*, —— U.S. ——, 128 S.Ct. 2960, 171

L.Ed.2d 881 (2008), *reinstated*, Case No. 06–1197 (D.C.Cir. Aug. 22, 2008) (*per curiam*), *reh'g granted in part*, Case No. 06–1197 (D.C.Cir. Nov. 5, 2008) (*per curiam*) and *deferred in part*, Case No. 06–1197 (D.C.Cir. Nov. 5, 2008) (*per curiam*). If the Government has already filed a factual return, requested disclosure shall occur within 21 days of the date on which Petitioner requests the disclosure. If the Government has not yet filed a factual return, requested disclosure shall occur within 21 days of the date on which the Government files the factual return or within 21 days of the date on which Petitioner requests disclosure, whichever is later.

2. Petitioner may, for good cause, obtain limited discovery beyond that described in the preceding paragraph. *Cf. Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). Such discovery requests shall be presented by written motion and must: (1) be narrowly tailored, not open-ended; (2) specify the discovery sought; (3) explain why the request, if granted, is likely to produce evidence that demonstrates that Petitioner's detention is unlawful, *see Harris*, 394 U.S. at 300, 89 S.Ct. 1082 ("[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry."); and (4) explain why the requested discovery will enable Petitioner to rebut the factual basis for his detention without unfairly disrupting or

unduly burdening the Government. *See Hamdi,* 542 U.S. at 533, 124 S.Ct. 2633 (holding that "a citizen-detainee seeking to challenge his classification as an enemy combatant must receive . . . a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker"); *id.* at 534, 124 S.Ct. 2633 ("[E]nemy-combatant proceedings may be tailored to alleviate their uncommon potential to burden the Executive at a time of ongoing military conflict."). Any such motion for limited discovery must be filed no later than 14 days after completion of discovery pursuant to Section I. D and I. E of this Order.[4]

**F. Classified Information.** If any information to be disclosed to Petitioner under Sections I.D. or I.E. of this Order is classified, the Government shall, unless granted an exception, provide Petitioner's counsel with the classified information, provided Petitioner's counsel is cleared to access such information. If the Government objects to providing Petitioner's counsel with the classified information, the Government shall move for an exception to disclosure. *See Boumediene,* 128 S.Ct. at 2276 ("[T]he Government has a legitimate interest in protecting sources and methods of intelligence gathering; and we expect that the District Court will use its discretion to accommodate this interest to the greatest extent possible."); *CIA v. Sims,* 471 U.S. 159, 175, 105 S.Ct. 1881, 85 L.Ed.2d 173 (1985) ("The Government has a compelling interest in protecting . . . the secrecy of information important to our national security . . . ." (citation omitted)). **Petitioner's counsel may also move, on a** case-by-case basis, to demonstrate why it is necessary to provide Petitioner with an adequate substitute for the classified information.

**G. Traverse.** In response to the Government's factual return, Petitioner shall file a traverse containing the relevant facts and evidence supporting the petition. *See Boumediene,* 128 S.Ct. at 2273 ("If a detainee can present reasonably available evidence demonstrating there is no basis for his continued detention, he must have the opportunity to present this evidence to a habeas corpus court."); *cf. Hamdi,* 542 U.S. at 533, 124 S.Ct. 2633 (holding that a "citizen-detainee seeking to challenge his classification as an enemy combatant must receive . . . a fair opportunity to rebut the Government's factual assertions before a neutral decisionmaker."). Traverses are due within 14 days of the date on which the Government files notice relating to exculpatory evidence under § I.D.1 of this Order or within 14 days of the date on which the Government filed the unclassified factual return, whichever is later. The Petitioner may, for good cause, amend or supplement a filed traverse.

## II.

**A. Burden and Standard of Proof.** The Government bears the burden of proving by a preponderance of the evidence that Petitioner's detention is lawful. *Boumediene,* 128 S.Ct. at 2271 ("The extent of the showing required of the Government in these cases is a matter to be determined.").

---

4. In addition, Petitioner can, in an effort to further narrow any factual disputes, file motions to compel, can request admissions and stipulations, can request certifications from the Government regarding the adequacy of searches of materials, and can use the statements of facts in dispute and not in dispute which must be submitted for hearings on the merits.

**B. Presumption in Favor of the Government's Evidence.** The Court will accord a rebuttable presumption of authenticity, and only authenticity, to any statements or documentary evidence the Government presents as justification for a Petitioner's detention if the Government establishes that the presumption is necessary to alleviate an undue burden presented by the particular habeas corpus proceeding. *See Hamdi,* 542 U.S. at 534, 124 S.Ct. 2633 ("[E]nemy-combatant proceedings may be tailored to alleviate their uncommon potential to burden the Executive at a time of ongoing military conflict.... [For example,] the Constitution would not be offended by a presumption in favor of the Government's evidence, so long as that presumption remained a rebuttable one and fair opportunity for rebuttal were provided."); *Boumediene,* 128 S.Ct. at 2276 ("Certain accommodations can be made to reduce the burden habeas corpus proceedings will place on the military without impermissibly diluting the protections of the writ."). Any motion to rebut the presumption of authenticity must be filed within 21 days from the date of this Order.

**C. Hearsay.** Petitioner or the Government may move to admit or exclude hearsay evidence that is material and relevant to the legality of Petitioner's detention. In ruling on such motion, the Court will consider whether hearsay evidence is reliable and whether provision of nonhearsay evidence would unduly burden the movant or interfere with the Government's efforts to protect national security. *See Hamdi,* 542 U.S. at 533–34, 124 S.Ct. 2633 (noting that, in enemy-combatant proceedings, "[h]ear-

say ... may need to be accepted as the most reliable available evidence"); *Parhat v. Gates,* 532 F.3d 834, 846–47, 849 (D.C.Cir.2008) (rejecting government intelligence documents whose reliability could not be assessed because they lacked the underlying reporting upon which their assertions were founded, and emphasizing that hearsay evidence "must be presented in a form, or with sufficient additional information, that permits [the court] to assess its reliability."). The proponent of hearsay evidence shall move for admission of the evidence no later than 10 days prior to the date on which the initial briefs for judgment on the record are due under Section III. A 1 of this Order. The party opposing admission shall respond to the motion within 3 days of its filing. If the hearsay evidence is admitted, the party opposing admission will have the opportunity to challenge the credibility of, and weight to be accorded, such evidence.

### III.

**A. Judgment on the Record.**

**1. Initial Briefs.** Within 14 days after completion of discovery pursuant to Section I. D and E, Petitioner and the Government shall file a brief in support of judgment on the record.[5] Each brief shall address both the factual basis and the legal justification for detention, *see Boumediene,* 128 S.Ct. at 2269 ("The habeas court must have sufficient authority to conduct a meaningful review of both the cause for detention and the Executive's power to detain."), and be accompanied by a separate statement of material facts as to which the party contends there is no genu-

---

**5.** Parties are encouraged to file their briefs at an earlier time, if discovery has been complet-

ed. In that case, an earlier hearing date may be set.

ine dispute. The statement of material facts shall cite to the specific portions of the record that support the party's contention that a fact is not in dispute and shall not contain argument. Initial briefs shall not exceed 45 pages, excluding the statement of material facts.

2. **Response Briefs.** Within 7 days of the filing of initial briefs, the parties shall file response briefs. Each response brief shall be accompanied by a factual response statement that either admits or controverts each fact identified in the opposing party's statement of material facts as one to which there is no genuine dispute. The factual response shall cite to the specific portions of the record that support the party's contention that a fact is disputed. The Court may treat as conceded any legal argument presented in an initial brief that is not addressed in the response brief and may assume that facts identified in the statement of material facts are admitted unless controverted in the factual response. Response briefs shall not exceed 35 pages, excluding the factual response.

3. **Reply Briefs.** Reply briefs may be filed only by leave of court and are discouraged.

4. **Statuses:** On December 22, 2008, parties shall file a Joint Status Report indicating their readiness for submission of briefs in support of judgment on the record.

## B. Evidentiary Hearing.

1. **Basis for a Hearing.** If, after full consideration of the parties' briefs for judgment on the record and oral argu-ment, the Court determines that substantial issues of material fact preclude final judgment based on the record, Petitioner is entitled to an evidentiary hearing. *Cf. Stewart v. Overholser,* 186 F.2d 339, 342 (D.C.Cir.1950) ("When a factual issue is at the core of a detention challenged by an application for the writ it ordinarily must be resolved by the hearing process.").

2. **Prehearing Conference.** Counsel shall appear for a prehearing conference to discuss and narrow the issues to be resolved at the hearing, discuss evidentiary issues that might arise at the hearing, identify witnesses and documents that they intend to present at the hearing, and discuss the procedures for the hearing.

3. **Petitioner's Presence.** Petitioner will not have access to classified portions of any evidentiary hearing. Through available technological means that are appropriate and consistent with protecting classified information and national security, the Court will make all reasonable efforts to provide Petitioner with access to unclassified portions of the hearing affecting him.

**SO ORDERED.**